## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RIVERA,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-416** |
| | : | |
| **CARMEN SCINICO,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**ROBRENO, J.**                                                            **MARCH 19, 2020**

  Plaintiff Michael A. Rivera, a prisoner incarcerated at the Howard R. Young Correctional

Institution in the State of Delaware, has filed a civil rights complaint pursuant to 42 U.S.C. §

1983 arising from an incident that occurred in Pennsylvania.  Rivera has also filed a Motion for

Leave to Proceed *In Forma Pauperis* and his inmate account statement.  Named as Defendants

are Pennsylvania State Trooper Carmen Scinico, Trooper Conklin, Walmart and "PSP Avondale

Department Officers Doe."  Scinico and Conklin are sued in their individual and official

capacities.  For the following reasons, Rivera will be permitted to proceed *in forma pauperis,* and

the Complaint will be dismissed with prejudice in part and dismissed without prejudice in part

pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.  FACTUAL ALLEGATIONS

  Rivera filed his Complaint on January 23, 2020, based on events occurring on January

24, 2018.  He alleges that Defendant Walmart, located in Kennett Square, Pennsylvania, reported

a shoplifting incident.  (ECF No. 2 at 5.)[1]  Rivera's vehicle was pulled over by Defendants

Conklin and Scinico in response to the report.  (*Id.*)  Both his person and his vehicle were

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

searched and "certain contraband was found." (*Id.*)  At some point another officer arrived at the scene and informed Conklin and Scinico that "the actual shoplifting suspect was not apprehended and that [Rivera] was not found to have shoplifted." (*Id.*)  Rivera was then arrested for driving while under the influence and his car was towed.  (*Id.*)  He was taken to a hospital and had blood drawn.  (*Id.*)  He was then released from custody.  (*Id.*)  Rivera asserts that Scinico called him on August 21, 2018 and informed him there was an outstanding bench warrant on his case.  (*Id.*)

Rivera asserts a claim for slander against Walmart.  He asserts that Conklin and Scinico violated his Fourth and Fourteenth Amendment rights.[2]  He contends that "[a]ll the subsequent events stemmed from plaintiff's illegal arrest." (*Id.*)  He asserts that Defendant Doe was present at the police barracks, had personal knowledge of the violation of his rights, "did nothing to prevent it therefore conspiring." (*Id.*)  Rivera seeks money damages and a declaration that his rights were violated.  (*Id.* at 6.)

A review of publicly available records discloses that Rivera was arrested by Trooper Scinico on January 24, 2018 on charges of possession of a controlled substance, driving under the influence, and possession of marijuana and drug paraphernalia, and apparently released.  *See Commonwealth v. Rivera*, CP-15-CR-3890-2018 (C.P. Chester).  The docket reflects that Rivera posted bail on August 22, 2018 — the date Defendant Scinico told him he had to appear about an outstanding warrant — and was arraigned on November 21, 2018.  His bail was thereafter forfeited on February 15, 2019 and the docket is currently marked "inactive."  It appears that

---

[2] Rivera mentions "8th" in response to the form complaint's question asking him to identify the federal constitutional or statutory rights he claims were violated.  (*See* ECF No. 2 at 3.)  However, he makes no allegation that would plausibly implicate the Eight Amendment's prohibition on cruel and unusual punishment, nor the correlative Fourteenth Amendment right enjoyed by pretrial detainees.

Rivera is a fugitive from the Chester County charges. However, since he lists his address as a prison in Delaware, it appears he was subsequently arrested in that State.

## II.    STANDARD OF REVIEW

Because Rivera appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Rivera is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.   DISCUSSION

### A. False Arrest Claim

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The Court reads Rivera's Complaint to attempt to state a § 1983 claim against Defendants Conklin and Scinico based upon a false arrest. *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (stating that, when evaluating section 1983 claims, "[t]he first step . . . is to identify the exact contours of the underlying right said to have been violated and to determine whether the

---

[3] Because Rivera is a prisoner, under the provisions of the Prison Litigation Reform Act, he must still pay the filing fee in full in installments.

plaintiff has alleged a deprivation of a constitutional right at all." (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998))). False arrest is "grounded in the Fourth Amendment's guarantee against unreasonable seizures." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). To allege a plausible false arrest claim under the Fourth or Fourteenth Amendment, a plaintiff must assert: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citation omitted); *see also Wilson v. Dewees*, 977 F. Supp. 2d at 455-56 (E.D. Pa. 2013) (setting forth elements for claims).

Rivera's Complaint fails to assert plausibly that his arrest was not supported by probable cause. While he alleges that he was not involved in the shoplifting incident, the state court docket indicates he was not arrested for shoplifting.[4] Rather, he was arrested for driving under the influence and possession of controlled substances. Accordingly, the false arrest claim is dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii).

B. **Conspiracy Claim**

To the extent that Rivera's allegation that Defendant Doe was present at the police barracks, had personal knowledge of the violation of his rights, "did nothing to prevent it therefore conspiring" may be read to assert a civil rights conspiracy claim under 42 U.S.C. § 1985(3) against Defendants Doe, Conklin and Scinico, it is also implausible and subject to dismissal under § 1915(e)(2)(B)(ii). Section 1985(3) creates a cause of action against any two persons who "conspire . . . for the purpose of depriving, either directly or indirectly, any person

---

[4] While Rivera alleges that his vehicle was *initially* stopped by Conklin and Scinico in response to the report about the shoplifting incident, he does not assert that these Defendants lacked reasonable suspicion to make the stop in response the information they received about the incident. *See Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (stating that a police officer needs only "a reasonable, articulable suspicion" to conduct an investigatory stop).

or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ." 42 U.S.C. § 1985(3). To state a plausible claim under § 1985(3) a plaintiff must allege the following elements: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir.1997). Significantly, "'[t]he [statutory] language requiring intent to deprive of equal protection . . . means that there must be some racial . . . invidiously discriminatory animus behind the conspirators' action.'" *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835 (1983) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Moreover, a plaintiff must allege specific facts in order to sustain a § 1985(3) claim:

> With near unanimity, the courts have rejected complaints containing mere conclusory allegations of deprivations of constitutional rights protected under § 1985(3). A conspiracy claim based upon § 1985(3) requires a clear showing of invidious, purposeful and intentional discrimination between classes or individuals.

*Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972); *see also Grigsby v. Kane*, 250 F. Supp. 2d 453, 458 (M.D. Pa. 2003) ("[O]nly allegations which are particularized, such as those addressing the period of the conspiracy, the object of the conspiracy, and actions taken in furtherance of the conspiracy, will be deemed sufficient.")

Rivera's allegations about his allegedly false arrest cannot support a plausible civil rights conspiracy. First, his one and only allegation that Doe's inaction was "therefore conspiring" is wholly conclusory and insufficient to satisfy the pleading standard. *Iqbal*, 556 U.S. at 678; *Robinson*, 462 F.2d at 113. He does not even allege that there was an agreement among the Defendants to violate his civil rights. More importantly, his assertion that he was falsely arrested

cannot constitute an allegation that the purpose of the alleged conspiracy was to deprive him of the equal protection of the laws since there is no suggestion that the arrest stemmed from a racially invidious discriminatory animus. Rather, Rivera concedes that his arrest was supported by probable cause since contraband was actually found. Finally, he fails to allege any act in furtherance of the alleged conspiracy — only Doe's alleged inaction, and he does not allege he suffered an injury that was causally related to the alleged deprivation. Accordingly, this claim is also subject to dismissal without prejudice.

### C. Official Capacity Claims

Rivera has also sued Defendants Scinico and Conklin, who are all Pennsylvania state troopers, in their official capacities. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Accordingly, the official capacity claims must be dismissed with prejudice.[5]

### D. Slander Claim

Finally, Rivera's state law claim against Walmart for slander is also subject to dismissal because it is untimely. The statute of limitations in Pennsylvania for an action for slander is one

---

[5] "[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim *unless doing so would be . . . futile.*" *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (emphasis added). Because the Court finds that granting Rivera leave to amend this claim would be futile, the Court dismisses the claim with prejudice.

year. *See* 42 Pa. Cons. Stat. § 5523 (governing an action for libel, slander or invasion of privacy). The alleged slanderous action, Walmart's reporting the shoplifting incident, occurred on January 24, 2018. Rivera did not file this case until January 23, 2020, nearly two years later. It is, accordingly, facially untimely.

In Pennsylvania, however, the discovery rule may operate to delay the running of the statute of limitations in certain circumstances. *Nicolaou v. Martin*, 195 A.3d 880, 892 (Pa. 2018) ("the discovery rule tolls the statute of limitations where the plaintiff is reasonably unaware that he has been injured and that his injury has been caused by another party's conduct") (citing *Fine v. Checcio*, 870 A.2d 850, 858 (Pa. 2005)). "As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." *Fine*, at 859. "The reasonable diligence standard is objective, as the question is not what the plaintiff actually knew of the injury or its cause, but what he might have known by exercising the diligence required by law." *Nicolaou*, 195 A.3d at 893. (citations omitted). However, "the objective reasonable diligence standard is 'sufficiently flexible . . . to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Id.* (quoting *Fine*, 870 A.2d at 858).

Whether or not Pennsylvania's discovery rule applies in a given case is a question of fact. *Id.* at 894; *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). As such, it is properly a question for the jury unless no reasonable juror could find otherwise. *Fine*, 870 A.2d at 858-59. "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

Here, the untimeliness of the claim is apparent on the face of the complaint. Rivera knew or should have reasonably been aware that he had been injured and that his injury was caused by Walmart's alleged conduct at the time he was allegedly falsely accused of the shoplifting incident. Because he failed to bring his claim within one year, it must be dismissed as untimely and, thus, implausible under § 1915(e)(2)(B)(ii).

## IV.    CONCLUSION

For the reasons stated Rivera's application for leave to proceed *in forma pauperis* will be granted and his Complaint will be dismissed pursuant to § 1915(e)(2)(B)(ii). The dismissal of the false arrest claim and of the conspiracy claim shall be without prejudice.[6] However, because it is readily apparent that any attempt at amendment of the official capacity claims or the slander claim Rivera seeks to pursue would be futile, the dismissal of the official capacity claims and the slander claim will be with prejudice. An appropriate Order follows.

**BY THE COURT:**

  **_s/Eduardo C. Robreno_**
**EDUARDO C. ROBRENO, J.**

---

[6] When, in a civil rights case, an individual files a complaint "which is dismissible for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint and that denial of an application for leave to amend under these circumstances is an abuse of discretion." *Darr v. Wolfe*, 767 F.2d 79, 81 (3d Cir. 1985), *abrogated on other grounds by Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004); *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) ("[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile.").