IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL RIVERA, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-416 |
| | : | |
| CARMEN SCINICO, *et al.*, | : | |
|     Defendants. | : | |

### MEMORANDUM

**ROBRENO, J.**                                                                                                    **AUGUST 19, 2021**

        In a prior Memorandum, *see Rivera v. Scinico*, Civ. A. No. 20-416, 2020 WL 1313717 (E.D. Pa. March 19, 2020) ("the March Memorandum")), the Court dismissed the Complaint filed by Plaintiff Michael A. Rivera, a prisoner incarcerated at the Howard R. Young Correctional Institution in the State of Delaware. Rivera had asserted claims pursuant to 42 U.S.C. § 1983 arising from an incident that occurred in Pennsylvania. Some of Rivera's claims were dismissed without prejudice and he was granted leave to file an amended complaint within the following 30 days if he was able to cure the defects the Court had identified in the claims dismissed without prejudice.[1] Thereafter, Rivera was granted extensions of time on May 26, 2020, July 15, 2020, and September 16, 2020 (ECF Nos. 8, 10, 12). When it appeared that Rivera failed to file his amended complaint by the time provided in the September 16, 2020 Order, the Court filed an Order on November 2, 2020 (ECF No.13) that dismissed the case with prejudice.

        Unknown at the time, Rivera had submitted a letter on November 16, 2020 asking for an additional extension of time but for unknown reasons the letter was not docketed by the Clerk of

---

[1] All official capacity claims and Rivera's slander claim were dismissed with prejudice. His false arrest and conspiracy claims were dismissed without prejudice. (*See* ECF No. 6.)

Court until March 9, 2021 with a file date of January 20, 2021.  (*See* ECF No. 17.[2])  Meanwhile, Rivera filed a notice of appeal on November 30, 2020 (ECF No. 14).  Recognizing the docketing error, and that Rivera's letter qualified as a timely post-decision motion of the type specified by Federal Rule of Appellate Procedure 4(a)(4), the United States Court of Appeals for the Third Circuit issued an Order on June 8, 2021 staying the appeal pending disposition of the letter motion.  (ECF No. 19.)  On June 9, 2021, this Court vacated the dismissal order and granted Rivera 30 additional days to file an amended complaint (ECF No. 20).  Another extension of time was granted on July 9, 2021 (ECF No. 22) and Rivera filed his Amended Complaint ("AC") on August 6, 2021 (ECF No. 23).

Named as Defendants in the AC are Pennsylvania State Troopers Carmen Scinico and "Conklin," as well as Walmart Stores ("Walmart").[3]  All Defendants are named in their individual and official capacities.  For the following reasons, the AC will be dismissed in part with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  All claims not dismissed will be stayed.

I.      FACTUAL ALLEGATIONS

Rivera's claims concern events occurring on January 24, 2018.  He alleges that Defendant Walmart reported a shoplifting incident.  (ECF No. 23 at 5.)[4]  He asserts he was

---

[2] In his letter, Rivera explained that he was having difficulty obtaining material he needed to file his amended complaint and asked, "in light of the circumstances and conflicting issues to please keep the case open and a [sic] allowance of the Amended complaint that plaintiff has been working on."  (ECF No. 17.)

[3] In his original Complaint, Rivera named "PSP Avondale Department Officers Doe" as a Defendant.  Because that Defendant was not named in the AC, the Clerk will be directed to terminate that Defendant as a party.

[4] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

sitting in his car in the store parking lot waiting for his passenger to return from the store when Walmart employees came out to the parking lot and yelled at him, calling him a thief because the passenger allegedly stole some Bluetooth headphones. (*Id.*) Rivera pulled away and left the parking lot, but then saw his passenger on the side of the road and stopped to ask him what was happening. (*Id.*) Defendants Conklin and Scinico pulled up behind his car with their lights activated. (*Id.*) Rivera began to drive away and was followed by the Troopers while the passenger got away on foot. (*Id.*) He then stopped his vehicle. (*Id.*)

Defendant Conklin approached Rivera's vehicle and ordered him out of the car. (*Id.*) Rivera was handcuffed and told he was under arrest for shop lifting. (*Id.*) Conklin told him that he was going to search the vehicle for stolen goods; Rivera did not consent to the search. (*Id.*) He asserts that while Defendant Scinico held him, Conklin searched the car and discovered marijuana and drug paraphernalia, but no stolen goods were found. (*Id.*) He was placed in a police vehicle while Scinico and Conklin waited for another unidentified Trooper to arrive at the scene. (*Id.*) Rivera insisted he was not involved in the shoplifting incident, causing Conklin to become irate, curse at him and kick the bumper of the police car. (*Id.*)

Rivera was then told he was under arrest for driving under the influence rather than shoplifting. (*Id.* at 6.) His car was towed away, he was taken to a hospital for a blood draw, and then taken to the Pennsylvania State Police barracks and held until a friend came to get him. (*Id.*) He had to pay "a couple hundred dollars" to get his vehicle back from the impound yard. (*Id.*)

Approximately seven months later on August 21, 2018, Rivera received a phone call from Defendant Scinico informing Rivera that there was a warrant for his arrest, and he had to turn himself in the next day to take care of it. (*Id.*) According to Rivera, at a preliminary hearing Defendant Scinico testified falsely that on the day of the arrest Rivera "dropped some

3

pills while exiting the car which were not bagged or collected in any manner," even though Rivera claims he "did not drop any pills." (*Id.*) Scinico also falsely asserted that Rivera was arrested for shoplifting, but that offense was not charged at the hearing because Rivera was "not shoplifting." (*Id.*) Scinico testified that, based on his observations and experience, he suspected Rivera was driving under the influence, "yet no field sobriety test was performed." (*Id.*) Rivera asserts he was never allowed to review tapes of the 911 call that led to his stop or see video footage from the police vehicle or Walmart. (*Id.*)

Rivera alleges that Conklin and Scinico charged him falsely with shoplifting "with malice" and violated his constitutional rights. (*Id.*) He alleges that the Defendants lacked reasonable suspicion to conduct the stop of his vehicle. (*Id.*) He also alleges he was arrested without probable cause. (*Id.* at 7.) Rivera contends that the testimony about him dropping pills was fabricated and the events show "abuse of process, invasion of privacy, false arrest and excessive force through unreasonable seizure." (*Id.*) He alleges that Walmart's actions – apparently reporting the shoplifting incident to the police – constituted malicious prosecution, slander, and defamation. (*Id.*) Rivera seeks declaratory relief that his rights were violated and money damages. (*Id.* at 8.)

As noted in the March Memorandum, publicly available records disclose that Rivera was arrested by Trooper Scinico on January 24, 2018 on charges of possession of a controlled substance, driving under the influence, and possession of marijuana and drug paraphernalia, but he was apparently released that day. *See Commonwealth v. Rivera*, CP-15-CR-3890-2018 (C.P. Chester). The docket reflects that Rivera was afforded a preliminary hearing and released on unsecured bond on August 22, 2018 — the date Defendant Scinico told him he had to appear on an outstanding warrant — and was arraigned on November 21, 2018. His bail was thereafter forfeited on February 15, 2019. While no further information is publicly available on the

4

Chester County charges, which remain pending, as Rivera lists his address as a prison in Delaware, it appears he was subsequently arrested in that State.

## II.   STANDARD OF REVIEW

Because the Court granted Rivera leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the AC if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Rivera is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011); *Vogt v. Wetzel*, No. 18-2622, 2021 WL 3482913, at *2 (3d Cir. Aug. 9, 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). "This means we remain flexible, especially 'when dealing with imprisoned *pro se* litigants[.]'" *Vogt*, 2021 WL 3482913, at *2 (quoting *Mala*, 704 F. 3d at 244). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Vogt*, 2021 WL 3482913, at *2 (quoting *Mala*, 704 F. 3d at 245).

## III.   DISCUSSION

Rivera seeks to assert constitutional and state law claims against the Defendants. The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in part:

5

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Official Capacity Claims and Constitutional Claims Against Walmart

The Court previously dismissed all official capacity claims with prejudice. (ECF No. 6.) Rivera has again named Defendants Scinico and Conklin, who are both Pennsylvania state troopers, in their official capacities. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment. *A.W.*, 341 F.3d at 238; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Accordingly, the official capacity claims against Scinico and Conklin are again dismissed with prejudice.

Rivera also checked the box on the form complaint indicating that he seeks to name Walmart in its official capacity. To the extent Rivera's "official capacity" claim against Walmart attempts to assert a constitutional claim concerning its reporting the shoplifting incident to the police, the claim is not plausible. "Complaining in person to the police or filing a civilian criminal complaint are not acts of the State; they are acts that anyone can do. Filing a report or a

6

civilian complaint does not transform a private citizen into a State actor." *Sous v. Timpone*, Civ. A. No. 15-7972, 2016 WL 2625325, at *4 (D.N.J. May 9, 2016) (citing *Boyce v. Eggers*, 513 F. Supp. 2d 139, 144-45 (D.N.J. 2007)). Participation in the related police investigation also does not transform a private person or entity into a state actor for purposes of § 1983. *See Baack v. Rodgers*, Civ. A. No. 14-875, 2014 WL 4632380, at *1, 3 (E.D. Pa. Sept. 17, 2014) (rejecting § 1983 false arrest claim against a hospital and two of its employees who filed a police report regarding plaintiff's conduct because "reporting suspicious conduct to the police — or answering police questions about that conduct — without more, does not transform the Hospital Defendants into state actors" (citations omitted)); *Collins v. Christie*, Civ. A. No. 06-4702, 2007 WL 2407105, at *4 (E.D. Pa. Aug. 22, 2007) ("[E]ven if Dr. Columbo intentionally provided the false information to the police, the plaintiff would still fail to state a claim under § 1983."); *O'Neil v. Beck*, Civ. A. No. 04-2825, 2005 WL 2030319, at *2 (M.D. Pa. Aug. 4, 2005) (concluding that allegations that a private citizen filed a false police report and wanted to see the plaintiff arrested are "simply insufficient" to establish that the private citizen is a state actor for purposes of a claim brought pursuant to section 1983). Accordingly, any constitutional claim against Walmart – in its individual or official capacity – is dismissed under 28 U.S.C. § 1915(e)(2)(B).

### B. Slander Claims Against Walmart, Conklin and Scinico

In the March Memorandum, the Court also dismissed Rivera's slander claim against Walmart as untimely since it was asserted beyond the one-year Pennsylvania statute of limitations. *Id.*, 2020 WL 1313717, at *3-4 (holding that the one-year time period contained in 42 Pa. Cons. Stat. § 5523 governed the claim, which was untimely since Walmart reported the shoplifting incident on January 24, 2018, but Rivera did not file this case until January 23, 2020, nearly two years later). Even though the dismissal of that claim was with prejudice, Rivera

included the claim in the AC.  For the reasons already expressed, the claim against Walmart is untimely and subject to dismissal.  *See also Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 817 (1988) (stating that the "law of the case" doctrine "expresses the practice of courts generally to refuse to open what has been decided").

Rivera also raises new claims based on slander, defamation, and invasion of privacy against Defendants Conklin and Scinico.  The claims are apparently based on the events leading to Rivera's arrest on January 24, 2018, as well as Defendant Scinico's testimony at either the preliminary hearing held on August 22, 2018 or the November 21, 2018 arraignment.  Because the same one-year statute of limitations contained in 42 Pa. Cons. Stat. § 5523 applies to the slander, defamation, and invasion of privacy claims against Conklin and Scinico, and Rivera filed this case more than one year after the actions upon which the claims are based occurred, his slander, defamation, and invasion of privacy claims against Conklin and Scinico are also dismissed with prejudice pursuant to § 1915(e)(2)(B) because they are untimely.

### C. Malicious Prosecution and Unreasonable Search Claims Against Scinico and Conklin

Rivera alleges that Scinico charged him falsely "with malice" (ECF No. 23 at 6).  The Court understands Rivera to be asserting a Fourth Amendment malicious prosecution claim against Scinico based on his filing criminal charges and allegedly providing false testimony at the preliminary hearing or arraignment about observing Rivera drop pills on the ground when he exited his vehicle.[5]  In addition, Rivera contends that Conklin violated his constitutional rights by conducting a warrantless non-consent search of his car.

---

[5] While Rivera couches the malicious prosecution allegation in terms of a shoplifting charge, since the state court record indicates he was never charged with shoplifting, the Court will liberally construe the claim as involving the charges actually brought in the state criminal proceeding.

To allege a Fourth Amendment malicious prosecution claim, a plaintiff must show: "'(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.'" *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (quoting *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007)).  The elements of a § 1983 claim for an unreasonable search are: (1) the actions of the police officers constituted a search or seizure within the meaning of the Fourth Amendment; and (2) the actions were unreasonable in light of the surrounding circumstances. *Brower v. Cnty. of Inyo*, 489 U.S. 593, 597-99 (1989).  Each of these claims is related to the ongoing criminal case against Rivera in state court.

Because the public record indicates that the criminal charges asserted against Rivera remain pending, the Court must abstain from considering his related constitutional malicious prosecution and warrantless search claims at this time.  *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (holding that if a plaintiff files a claim related to rulings that "will likely be made in a pending or anticipated criminal trial[], it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.")  Abstention "is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982).  In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding." *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger*). *Younger* abstention "is premised on the notion of comity, a principle of deference and 'proper

respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54. The exceptions are to be narrowly construed. *Hall v. Pennsylvania*, Civ. A. No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

The *Younger* requirements are clearly met in this case. First, the criminal proceeding against Rivera is still pending. Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws. Third, the criminal proceedings provide Rivera an adequate opportunity to argue in the state forum that his criminal charges should be dismissed, or the evidence of criminal activity should be suppressed due to the conduct he alleges in this case by Defendants Scinico and Conklin. This Court may assume that the state procedures will afford him an adequate remedy. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff."). Further, there is nothing in the Complaint to indicate that Rivera falls within any of the narrow exceptions to the *Younger* doctrine. Accordingly, it is appropriate to abstain from entertaining the malicious prosecution

and warrantless search claims out of deference to the state judicial process. *Accord Ellis v. Mondello*, Civ. A. No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

### D. Malicious Prosecution Claim Against Walmart

Rivera alleges that Walmart's actions reporting the shoplifting incident to the police also constitute malicious prosecution. Since Walmart is not a "state actor" subject to liability under § 1983 for constitutional claims, the Court construes the claim liberally to be a claim under state law.[6] In Pennsylvania, the elements of an action for malicious prosecution against a private citizen are:

> (1) the defendant instituted criminal proceedings against the plaintiff — meaning that the defendant knowingly provided false statements to a law enforcement official or the defendant's desire to have proceedings initiated was the determining factor in the law enforcement official's decision to commence prosecution;
> (2) the defendant initiated a criminal proceeding without probable cause;
> (3) the defendant acted with actual malice; and
> (4) the criminal proceeding terminated in plaintiff's favor.

*Bradley v. General Accident Ins., Co.,* 778 A.2d 707, 712 (Pa. Super. Ct. 2001); *Tomaskevitch v. Specialty Records Corp.*, 717 A.2d 30, 33 (Pa. Commw. Ct. 1998) (citing the Restatement (Second) of Torts § 653, comment g); *Strickland v. University of Scranton*, 700 A.2d 979, 984 (Pa. Super. 1997) (holding that the Restatement (Second) of Torts § 653 Wrongful Prosecution of Criminal Proceedings (Malicious Prosecution) has been adopted as law in Pennsylvania).

---

[6] Unlike the constitutional malicious prosecution claims against Scinico and Conklin, there does not appear to be any abstention issue regarding the common law claim against Walmart. Resolution of the claim would not undermine the pending criminal charges and the criminal proceedings do not afford an adequate opportunity to adjudicate the claim against Walmart.

A malicious prosecution claim against Walmart for reporting a shoplifting incident that resulted in Rivera being arrested by the Troopers for drug offenses is not plausible for several reasons. First, there is no allegation that the report of a shoplifting incident was false. Second, Rivera was never charged with shoplifting, the subject of Walmart's report to the police. Third, Walmart's desire to have a retail theft prosecuted cannot be a determining factor in Rivera being charged with drug offenses since it was the search of his car, not the alleged retail theft, that led to the charges. Fourth, Rivera's allegation that Walmart acted with actual malice is conclusory and unsupported by any facts. Accordingly, the claim will be dismissed under § 1915(e)(2)(B). Because an attempt to amend this claim to state a plausible cause of action appears to be futile, the dismissal will be with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (holding that district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile").

**D. False Arrest Claims**

Rivera alleges that the Defendant Scinico and Conklin lacked reasonable suspicion to conduct the stop of his vehicle and he was arrested without probable cause. (ECF No. 23 at 7.) Rivera contends that the testimony about him dropping pills on the ground was fabricated and the events show "abuse of process, invasion of privacy, false arrest and excessive force through unreasonable seizure."[7] (*Id.*) The Court reads Rivera's AC to again attempt to state a § 1983 claim against Defendants Conklin and Scinico based upon a false arrest. *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (stating that, when evaluating section 1983 claims, "[t]he first step . . . is to identify the exact contours of the underlying right said to have been violated and to

---

[7] To the extent Rivera uses this assertion to allege a stand-alone claim of excessive force, that claim is dismissed as not plausible since it is unsupported by any facts in the AC and states only a conclusory allegation. *See Iqbal*, 556 U.S. at 678.

determine whether the plaintiff has alleged a deprivation of a constitutional right at all." (quoting *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998))). As explained to Rivera in the March Memorandum, false arrest is "'grounded in the Fourth Amendment's guarantee against unreasonable seizures.'" *Id.*, 2020 WL 1313717, at *2 (quoting *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). To allege a plausible false arrest claim under the Fourth or Fourteenth Amendment, a plaintiff must assert: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citation omitted); *see also Wilson v. Dewees*, 977 F. Supp. 2d at 455-56 (E.D. Pa. 2013) (setting forth elements for claims).

The AC fails to allege plausibly that Rivera's arrest was not supported by probable cause. While Rivera insists he was not involved in the shoplifting incident, but merely stopped his car to talk to the alleged shoplifter, and that no stolen goods were found in his car, he concedes that marijuana and drug paraphernalia were found in his car. The state court records indicate Rivera was arrested for these charges along with the DUI, not shoplifting. (*Id.*) As it is clear from the face of the AC that there was probable cause for the arrest, this claim is dismissed as implausible. Having already given Rivera the opportunity to attempt to cure the defect in his false arrest claim, and it appearing that further attempt at amendment would prove futile, the false arrest claim will also be dismissed with prejudice.

### IV. CONCLUSION

For the reasons stated, Rivera's official capacity claims, state law malicious prosecution claim against Walmart Stores, and all claims based on excessive force, slander, defamation, and invasion of privacy against all Defendants will be dismissed with prejudice. The Fourth Amendment malicious prosecution and unreasonable search claims against Defendants Scinico and Conklin will be stayed until such time as Rivera informs the Court that his related criminal

case, *Commonwealth v. Rivera*, CP-15-CR-3890-2018 (C.P. Chester), has been resolved, including any available appellate proceedings.  *See Williams v. Hepting*, 844 F.2d 138, 145 (3d Cir. 1988) ("Because these particular federal court claims for damages seek relief that is unavailable in Williams' ongoing state proceedings, the allegations should be stayed pending the outcome of his state court appeal on the underlying conviction"); *see also Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011) (*per curiam*) ("inasmuch as appellants seek to recover damages for alleged violations of their constitutional rights, we have observed that "a district court, when abstaining from adjudicating a claim for injunctive relief, should stay and not dismiss accompanying claims for damages . . . when such relief is not available from the ongoing state proceedings."" (quoting *Williams*, 844 F.2d at 144-45).  An appropriate Order follows.